UNITED STATES DISTRICT COURT

WESTERN DISTRICT

OF PENNSYLVANIA

| | |
|---|---|
| Vern E. McGinnis Jr., Pro-se : | |
|     Plaintiff : | |
| : | AMENDED COMPLAINT |
| v. : | Civil Action No. 2:15-cv-00398 |
| : | Chief Magistrate Judge Maureen P. Kelly |
| Physcian's Assistant Mark Hammer : | |
| CHCA Stephanie Wood : | |
| Superintendant Mark Capozza : | |
| Superintendant's Assistant / Grievence : | |
| Coordinator Carrol Scire : | |
| Individually and in thier : | |
| Official Capacities, : | |
| Correct Care Solutions LLC (CCS) : | |

## 1. JURISDICTION & VENUE

1. This is a Civil Action Authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a) (3). Plaintiff seeks declatory relief pursuant to 28 U.S.C. section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Western District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391 (b) (2) because it is where the events giving rise to this claim occured.

## II. PLAINTIFFS

3. Plaintiff, Vern E. McGinnis Jr., is and was at all times mentioned herein a prisoner of the State of Pennsylvania in the Custody of the Pennsylvania Department of Corrections. He is currently confined at S.C.I. Pittsburgh, Pittsburgh, Pennsylvania.

## III. DEFENDANTS

4. Defendant, Mark Capozza is the Superintendant of S.C.I. Pittsburgh. He is legally responsible for the operation of S.C.I. Pittsburgh and for the welfare of all the inmates in this prison.

5. Defendants, Mark Hammer and Stephanie Wood are employed through Correct Care Solutions LLC (CCS), the health care provider for this institution, who is contracted through the Department of Corrections, who at all times mentioned in this complaint, held the positions of Physical Assistant and C.H.C.A. (Medical Administator) and are assinged to S.C.I. Pittsburgh.

6. Defendant Carrol Scire, is The Superintendant's Assistant and also the Grievence Coordinator. Ms. Scire is responsible for the grievence procedure.

7. Defendant, Correct Care Solutions LLC, (CCS) is the health care provider for this institution. They are responsible for the heatlh care services for this institution, and are responsible for the actions of thier employees.

8. Each Defendant is sued individually and in his or her Official Capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

### III. FACTS

9. After jogging a few miles, I got severe pain in my left knee and lower back. I meediately signed up for sickcall and was seen by Physican's Assistant Mark Hammer on 12-29-14. I explained to him I had an old weightlifting / running injury to my left knee which was starting to buckle inwards when I try to walk. I explained approximately 15 yrs ago, I was squating with freewieghts, and had got a severe burning / pain in ky knee. I immediately stopped, I felt intense pain for about 15 minutes, it never hurt or affected me, and I never had a problem until the spring of 2013 at S.C.I. Greensburg (I was confinned at that institution until early May of 2013, I was transferred here, that institution was closing.) I would jog once or twice a week, and once in ahwile, I would get minor burning pain in my left knee, and would have a slight limp for 2 or 3 days. It did not happen often. After jogging a few miles in late December (2014), I got severe burning and constant pain, and have limped ever since, and my knee started to buckle inwards, and was allowed to get progressively worse.

After explaining this to P.A. Hammer he prescribed me 600mg of ibprofin

3

3 times a day for until 2-26-15, I explained to him I don't want to get permanently injured or crippled, could I please get this checked or fixed. I told him the burning/ pain was on the right side of my knee. He stated it is my MCL. He never examed me. He told me to use common sense. I again stated I really would like to get this fixed and don't want to get crippled. He again told me "to use common sense, if it hurts, don't do it." He did not refer me to a docotr, order x-rays, order an M.R.I., he did not exam my knee, he did not give me crutches, an ace wrap, or knee brace. He did nothing. P.A. Hammer intentionally allowed a "Unnecessary cause of wanton infliction of pain."

For the next 16 days I continued to walk with my left knee buckling inwards, which had gotten progressively worse. I am housed on F block which is the furthest block on the north side of the jail. It is approximately a half mile walk to the dining hall, medical, or to my work assignment. I was in constant and severe pain. This is a Patternand Practice of Deliberate Indifferance that prison officials as a whole and the named defendants allowed me to get progressively worse and did nothing about. The D.O.C.'s motto of "Care, Custody, and Control", was ignored. Also, all Defendants and prison officals violated thier code of eithics to turn a blind eye to this, which was numerous color of law abuses.

Not only did my left knee get worse, but walking with my left knee buckling inwards, this has caused serious pain in my right knee, as well as severe pain in my lower back. On 1-13-15 was returning from lunch, at 12 pm. I walking up the steps leading into F block. On the 3rd or 4th step my left knee buckled inwards and I fell on the steps. I landed on my left

4

hand, which has caused constant pain in the joint were my collar bone meets my shoulder. Since then medical staff has told me this is "normal wear and tear to my collar bone". I was taken to medical in a wheelchair.

10. After being taken to medical, a nurse asked what happened. I explained to him this was the result of P.A. Hammer refusing to treat me. He examed my knee, gave me crutches, and a ace wrap. This nurse told me that P.A. Hammer listed in my medical file from my vist with him on 12-29-14, P.A. Hammer listed me as having a "knee sprain", which is falsification to authorities. The crutches were about 6 inches too short, but he appologized and said it was all they had, but I was happy for that. This nurse stated I would be called to sick call in 2 or 3 days.

11. on 1-13-15 I filed a prison grievence, see exhibit "G". Defendant Carrol Scire, is the Superintendant's Assistant, but is the Grievence coordinator. Carrol Scire intentionally impeded, caused further pain and unnecessary paind and suufering denied me access to the grievence process and courts by her actions. She has a standard policy & practice that violates the handling of grievences. See Doc policy ADM 804 Section 1. A no.3.

My medical needs were not being met, so per policy I wrote a 135A (request slip) which is required per DOC policy. to CHCA Stephanie Wood. Per policy I have to try to resolve it informally by a request slip. See Doc policy ADM 804Section B, Initial Review, No.5. Ms. Wood refused to answer see exhibit "G", and my medical needs went on being unawnswered and ignored, so I filed a prison grievence.

5

Carrol Scire and Stephanie Wood conspired together, were Carrol Scire appointed Stephanie Wood (who is the head of the medical dept.), who is named in this said grievence, which Stephanie Wood accepted appointment of Grievence Officer which is filed on herself and medical staff.

Carrol Scire is well aware this is a violation of D.O.C. policy and has been found liable in Federal court for Constitutional violations of not only D.O.C. policy but also Constitutional law. Stephanie Wood did in fact conspire with Carrol Scire were and when she accepted and Cand Carrol Scire desinated her to be the Grievence Officer to investigate herself. Stephanie Wood is the supervisor and Administrator with the D.O.C., and is well aware of "or should be" well aware of D.O.C. grievence policy, and had the opportunity to not accept the appointment of Grievence Officer. But instead, Stephanie Wood "chose" to conspire with Carrol Scire, in violation of D.O.C. policy.

This is a pattern & practice and personal policy that Carrol Scire chose to employ in violations of D.O.C. policy. In the Defendants Motion to Dismiss, on page 5, in the first paragragh, line 4, defense counsel clearly states and admitts Stephanie Wood initially answered my grievence. In violation of D.O.C. policy.

12. On 1-16-15 I was called called at 8:20 am to see Merideth George (Physcian's Assistant). She examed my knee, and said when she lifts my lower leg up and down, my knee buckles, and that I have ligiment damage. She stated I will never lift weights with my legs again. I explained to her I came to

prison in perfect health, I just would like my knee fixed, and asked for an M.R.I. She stated "It does not work like that, if the medical dept. fixed everybody in prison, the state would be bankrupt." She stated I would be getting physical therapy & they would be taking the crutches. she did exam my knee, got the correct size crutches, and ordered x-rays for both of my knees. She was the only medical staff to help me. I was called for x-rays on 1-26-15 at 7:10 am.

13. I again signed up for sickcall on 2-11-15, (see exhibit A) and was seen again by P.A. Mark hammer. I explained to him, I can't walk, my left knee is getting worse, and I have severe pain in both knees, as well as my collar bone (from when I fell on 1-13-15) and my lower back. he finally examed my left knee, this is after he refused to exam me on 12-29-14 and I walked for the next 16 days with my left knee buckling inwards and got progressively worse, until I fell. P.A. Hammer stated he ordered me a hinged knee brace, and encouraged me to go to the yard and lift wieghts with my legs (to do leg extentions) I explained to him I can't walk, and I will not do that until my knees are fixed. He kept instructing me to do strenthening exercises, and that the kligiments in my left knee are laxed. I asked him how can he tell this without doing an M.R.I.? He stated "I will not get an M.R.I., and fixing my knee is an elective procedure." I put down the crutches, and took a step, which my knee buckled, and I almost fell in front of him. I asked him how is this an elective procedure? He stated "They do not have to make me a world class athlete". I told him they have to make me walk again. I have repeatedly told med staff the motrin does nothing. I told P.A. Hammer this. He canceled the motrin, and gave me no pain medication. (This is in

retaliation, he is aware of the prison grievence I filed.) I did not recieve any pain medication until 3-5-15. Please see exhibit "B", I signed up for sickcall on 2-28-15 and was seen by P.A. Merideth George. I explained to her I have not had any pain medication since 2-25-15. She gave me naproxen 500mg, once or twice a day. It is less than what I was getting with the motrin and I am still in constant and severe pain.

14. Neithier of the P.A.'s would refer me to a doctor, so on my own I wrote a request slip to Medical Doctor Dr. Mallora on 1-17-15. Again, I explained everything to him, and asked him to help me. He has yet to answer. Please see exhibit "C". On 1-22-15 I spoke to Deputy Estock at 5:30 pm on F block by the officer's booth. I explained everything to him, he said he would check into it. I never heard anything. On 2-18-15 I spoke to Superintendant Capozza, and explained my situation to him. Please see exhibit "D". He refered my request back to Stephanie Wood, C.H.C.A.. I again wrote to Stephanie Wood by request slip on 2-28-15. Again, she refuses to answer me. Also on 2-28-15, I again wrote another request slip to Medical director Dr. Mallora. I again asked him for help. Again, he refused to answer. Please see exhibits "E & F".

15. On 6-9-15 Chief Magistrate Judge had a Order to Show Cause Hearing via video conference on Plaintiff's Preliminary Injunction. At this said hearing, P.A. Hammer lied on record after being questioned by Chief Magistrate Judge Maureen P. Kelly if P.A. Hammer examed me, he again committed falsification to Authorities & should be fraud, when he stated he examed my knee, which he never did. After hearing all testimony Chief Magistrate Judge Maureen P. Kelly Ordered an M.R.I. and Orthopedic specialist (board Certified) immediately.

16. An M.R.I. was conducted on 6-24-15. On 6-24-15. On 7-9-15, an evaluation and examination was done by a board certified orthopedic specialist. this said specialist stated I have tendonitis of the abductor muscle. Although my injury does not require surgery, had the defendants given me proper medical treatment sooner, I would not have gone through unecessary cause of wanton infliction of pain. This is cruel and unusal punishment to suffer soo long without proper medical treatment, and the Defendants Improper Professional conduct.

17. On 7-14-15 I sent a request slip to Superintendant Capozza concerning retaliation. I was told anonymously by several staff members I will be transfered away from my family to a rougher institution for filing a lawsuit. I never got a response. See exhibit "P". The Attorney General had stated she investigated this and my claims of a retalitory transfer is false. The D.O.C. has a "blanket Policy" to punish inmates for filing civil claims. Although meaningless, on 8-27-15 I was told by staff members I cannot wear an athletic shit, that is sold in the prison commisary, and have worn these shirts for the past 19 plus years in prison, without a problem. These same staff members who see me on a daily basis, who watched my knee buckle progressively worse for 16 days, and turned a blind eye & said nothing. I asked why, and was told "it's not proper dress." This basicly shows a shirt is more important than following thier code of ethics.

## IV. EXHUASTION OF LEGAL REMEDIES

18. Plaintiff, Vern E. McGinnis Jr., Pro-se, used the prison grievence procedure available at S.C.I. Pittsburgh to try and solve this problem. On

9

1-13-15 Plaintiff Vern E. McGinnis Jr., presented the facts relating to this complaint. On 2-12-15 Plaintiff was sent a response saying that the grievence had been denied. On 2-12-15 I appealed the denial of the grievence. See exhibits "G-N" On 3-9-15 the facility manager denied the appeal. See exhibit "O". I then appealed the grievence for final review at D.O.C.'s central office. See exhibit "Q".

## V. LEGAL CLAIMS

19. Plaintiff reallege and incoporate by referance paragraphs 1-17.

20. The deliberate indifferance to my medical needs, violated Plaintiff Vern E. McGinnis Jr.'s rights and constituted deliberate indifferance under the Eighth Amendment, as well as unnecessary wanton infliction of pain, and cruel and unusual punishment, also under the Eighth Amendment of the United States Constitution.

21. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declatory relief which Plaintiff seeks.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgement granting Plaintiff:

22. A declaration that the acts and omissions desrcibed herein violated Plaintiff's rights under the Constitution and laws of the United States.

23. A preliminary Injunction was requested by the Plaintiff and was granted in part by Chief Magistrate Judge Maureen P. Kelly, Ordering an M.R.I. and to be seen by an orthopedic specialist, an evaluation and examination, which has been done and Plaintiff has recieved medical attention.

24. Compensatory damages in the ammount the court deems necessary against each defendant, jointly and severally.

25. Punitive damages in the ammount that the court deems necessary against eac defendant each defendant.

26. A jury trial on all issues triable by jury.

27. Plaintiff's costs in this suit.

28. Any additional relief this court deems just, proper, equitable.

Dated: November 6, 2015

Vern E. McGinnis Jr., Pro-se

DG-2841

S.C.I. Pittsburgh

P.O. Box 99991

Pittsburgh, Pa., 15233

## VERIFICATION

    I have read the foregoing Amended Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at S.C.I. Pittsburgh, Pittsburgh, Pa., on November 6th, 2015.

_____
Vern E. McGinnis Jr., Pro-se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the enclosed "Amended Complaint" was served upon the following individuals via first class mail.

Deputy Attorney General
Yana L. Warshafsky
Office of the Attorney General
6ht Floor, manor Complex
564 Forbes Avenue
Pittsburgh, Pa., 15219

Alan Gold, esq.
261 Old York Road, Suite 526
Jenkintown, Pa., 19046

Carrol Scire
3001 Beaver Avenue
S.C.I. Pittsburgh
Pittsburgh, Pa., 15233

Dated: 11-6-15

Vern E. McGinnis Jr
DG-2841
S.C.I. Pittsburgh, Pa., 15233