# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VERN E. McGINNIS, JR.**, | CIVIL ACTION NO. 15-398 |
| v. | |
| **PHYSICIAN ASSISTANT MARK HAMMER; CHCA STEPHANIE WOOD; SUPERINTENDANT MARK CAPOZZA** *Individually and in their official capacities;* **HEALTH CARE PROVIDER M.H.M.**, | |
| Defendants. | |

## OPINION

**CONTI, Chief District Judge**

On November 16, 2015, plaintiff Vern E. McGinnis, Jr. ("plaintiff"), an inmate at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"), filed an amended complaint asserting claims under 42 U.S.C. § 1983 against defendant Mark Hammer, Stephanie Wood, Mark Capozza, and Correct Care Solutions, LLC (collectively, "defendants"). (ECF No. 59.) Plaintiff, who is proceeding *in forma pauperis*, alleges that defendants violated his constitutional rights by failing to provide him medical treatment for a knee injury he sustained while jogging during his incarceration. (Id.)

On April 13, 2015, plaintiff filed a motion to appoint counsel, pursuant to 28 U.S.C. § 1916(e)(1). (ECF No. 6.) Plaintiff argued in the motion to appoint counsel that he has "limited access to the law library and limited knowledge of the law," is unable to afford counsel, and the complexity of his case "will require significant research and investigation." (ECF No. 6.) On April 15, 2015, the magistrate judge issued an order denying plaintiff's motion. (ECF No. 8.) The magistrate judge held that "it does not appear with any degree of certainty that Plaintiff is

setting forth a factual basis that demonstrates he will ultimately prevail on the merits." (Id. at 3.) The magistrate judge considered the factors set forth in Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997), and determined that—even if plaintiff's claim has arguable merit in fact or law—the appointment of counsel is not warranted in this case. (Id. at 2-3.)

On May 1, 2015, plaintiff filed a "motion for objection and appeal for motion to appoint counsel." (ECF No. 10.) The magistrate judge considered plaintiff's motion as a motion for reconsideration of the order denying plaintiff's motion to appoint counsel. (ECF No. 19.) Plaintiff in the "motion for reconsideration" argued expert testimony is necessary is this case to explain the extent of his knee injury. (ECF No. 10 ¶ 2.) On June 11, 2015, the magistrate judge denied plaintiff's motion because she was "not convinced that [expert] testimony will be so required[,]" and, therefore, plaintiff's argument did "not merit a change to the rationale of the ruling set forth in the Order of April 15, 2015." (ECF No. 19 at 1.)

On June 26, 2015, plaintiff filed another "motion for objection and appeal for motion to appoint counsel." (ECF No. 23.) Plaintiff requests that the court permit him to reserve his right to seek the appointment of counsel once this case gets closer to trial because he will need "assistance with depositions, discovery, etc." and an expert witness. (ECF No. 23 ¶¶ 1-2.) Plaintiff's request to reserve his right to seek counsel as this case gets closer to trial will be GRANTED. The magistrate judge's denial of plaintiff's motion to appoint counsel and motion for reconsideration are without prejudice to plaintiff's ability to file a renewed motion to appoint counsel at an appropriate time. An appropriate order will be entered.

By the court,

Dated: December 14, 2015

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge